NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0189n.06

No. 15-1665

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Apr 04, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROGER LANGE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| DAN MCGINNIS; CITY OF BENTON HARBOR; | ) | UNITED STATES DISTRICT |
| TONY SAUNDERS, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellants. | ) | |
| | ) | |

Before: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Former Benton Harbor Director of Public Safety Roger Lange sued the City of Benton Harbor, Michigan, and City employees, Dan McGinnis and Tony Saunders, under 42 U.S.C. § 1983 and Michigan law. Lange claimed that the defendants violated his Fourth Amendment rights when McGinnis deleted all the files on a personal hard drive that Lange had attached to his work computer. The district court held that McGinnis was not entitled to qualified immunity as to Lange's § 1983 claim. We respectfully disagree and reverse.

We recite the facts in the light most favorable to Lange. Benton Harbor hired Lange as its Chief of Police in 2009. A year later, the State of Michigan determined that Benton Harbor was in a financial emergency. In 2011, the Benton Harbor Police and Fire Departments merged to form the Department of Public Safety, with Lange as its Director. In January 2013, the Local

Emergency Financial Assistance Loan Board appointed Tony Saunders as the City's Emergency Manager. In July 2013, the City Commissioners received an anonymous fax complaining that Lange was not trained as a firefighter. An attorney advised Saunders that he should require Lange to pass the firefighter-certification test. The next day, Saunders placed Lange on paid administrative leave until he could pass the firefighter-certification test in August. Lange turned in his office and vehicle keys, and his firearm. Thereafter, Lange was permitted on City property only to the extent necessary to prepare for the exam. In August, Lange passed the written part of the firefighter exam, but not the practical part.

After the August exam, the City offered Lange a job as Community Liaison Officer, which he declined. Lange instead asked Saunders to reinstate him as Director of Public Safety. Saunders refused and told Lange that his choices were to take the Liaison position, go on unpaid leave until he passed the firefighter test, or resign. Lange went on unpaid leave in October 2013. A few weeks later, Lange asked for permission to retrieve his personal belongings from his office. Saunders said no, and instead told Lange to itemize his belongings so that someone could retrieve them for him. Lange sent Saunders a list of items, including a hard drive. Saunders asked the Captain of the Police Division of the Department of Public Safety, Dan McGinnis, to clear the hard drive of any City files. In March 2014 the City returned the hard drive, but it was empty: McGinnis had deleted all the files, City and personal alike.

Lange thereafter brought this lawsuit, claiming that the deletion of his files was an unconstitutional search and seizure under § 1983. Lange also asserted several state-law claims. McGinnis moved for summary judgment on the § 1983 claim, asserting qualified immunity. The district court denied his motion. We review the denial de novo. *Whitney v. City of Milan*, 677 F.3d 292, 296 (6th Cir. 2012).

McGinnis is entitled to qualified immunity unless a reasonable jury could find that he violated a constitutional right that was clearly established at the time of his actions. *See DiLuzio v. Vill. of Yorkville, Ohio*, 796 F.3d 604, 608-09 (6th Cir. 2015). "For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *McGlone v. Bell*, 681 F.3d 718, 735 (6th Cir. 2012).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. Government employees are entitled to some Fourth Amendment protections in the workplace. *See O'Connor v. Ortega*, 480 U.S. 709, 717 (1987) (plurality opinion); *id.* at 737 (Scalia, J. concurring). The plurality in *O'Connor* held that, to invoke the protections of the Fourth Amendment, government employees must first show they had a "reasonable expectation of privacy" in the subject of the search. *Id.* at 711-12. Employees must then show that the search was unreasonable at its inception, or as to its scope, or both. *Id.* at 726. Justice Scalia would have skipped the question whether the employee had a reasonable expectation of privacy, reasoning that "the offices of government employees, and . . . files within those offices, are covered by Fourth Amendment protections as a general matter." *Id.* at 731 (Scalia, J. concurring). Under either approach the outcome turns on whether "the governmental intrusion was reasonable." *See id.* at 732 (Scalia, J. concurring); *id.* at 726 (plurality opinion).

We skip to the question whether McGinnis's actions violated any clearly established right. Although the district court analyzed the issue as if McGinnis executed only a search, he in fact executed a search and then a seizure. We consider the search first. "Ordinarily, a search of an employee's office by a supervisor will be justified . . . when . . . the search is necessary for a

noninvestigatory work-related purpose such as to retrieve a needed file." *Id.* at 726 (internal quotation marks omitted); *see also id.* at 732 (Scalia, J. concurring). Here, Lange concedes that the City was entitled to delete any work files on his hard drive. To determine whether any work files were on the drive, the City needed to search the drive. And the search itself was minimally invasive: It entailed only opening the hard drive and seeing that its contents included City files. The search was also undisputedly non-investigative. We see nothing about the search, therefore, that would have made clear to a reasonable officer that the search was unconstitutional.

McGinnis effected a seizure when he deleted all of the files on Lange's hard drive. *See Sol Dal v. Cook County*, 506 U.S. 56, 61 (1992). Lange's concession that the City was entitled to delete any work files on his hard drive amounts to a concession that the City was entitled to effect a seizure to some extent. The question is whether McGinnis clearly went too far by deleting all the files on the drive. McGinnis could have deleted fewer files by combing through the files one-by-one and then deleting only the work files; but that approach would have effected a much more invasive search. Or he could have done what he did, which was to effect a minimal search and a broader seizure. No caselaw made clear to McGinnis that the latter choice was a constitutionally impermissible one.

The cases that Lange cites only underscore the point. *O'Connor* concerned physical files and said nothing about choosing between a broader search and a broader seizure. Our decision in *James v. Hampton*, 592 F. App'x 449 (6th Cir. 2015), came a year after McGinnis's actions and thus offered him no guidance then. And the other cases that Lange cites—a Seventh Circuit opinion and a district-court one—are far afield from this case factually and legally. *See Narducci v. Moore*, 572 F.3d 313 (7th Cir. 2009); *Maes v. Folberg*, 504 F. Supp. 2d 339 (N.D. Ill. 2007). No caselaw from this court, the Supreme Court, or any other circuit court established

that McGinnis's actions were unconstitutional at the time he took them.  McGinnis is therefore entitled to qualified immunity as to Lange's § 1983 claim.

We reverse the district court's order denying qualified immunity to McGinnis, and remand the case for further proceedings consistent with this opinion.